**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4800**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIO A. DIAZ-ALVAYERO,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:16-cr-00180-GLR-1)

Submitted: July 21, 2017                     Decided: September 21, 2017

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Shari Silver Derrow, Staff Attorney, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Brian M. Fish, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julio A. Diaz-Alvayero, a native and citizen of Guatemala, appeals the 12-month sentence imposed following his guilty plea to unlawfully reentering the United States following his removal, in violation of 8 U.S.C. § 1326(a) (2012). Diaz-Alvayero argues on appeal that the district court both committed procedural sentencing error and imposed a substantively unreasonable sentence, but does not contest the validity of his underlying conviction.

Review of the Bureau of Prison's Inmate Locator Database reveals that Diaz-Alvayero was released from federal custody on or about April 25, 2017, after briefing was completed in this appeal. Thus, Diaz-Alvayero's challenge to his sentence is moot, upon his completion of the custodial term of imprisonment, unless he can demonstrate "collateral consequences sufficient to meet Article III's case-or-controversy requirement." *United States v. Hardy*, 545 F.3d 280, 284 (4th Cir. 2008) (internal quotation marks omitted); *see Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *see also Hardy*, 545 F.3d at 283-85.

No such collateral consequences are apparent. Diaz-Alvayero has completed service of the custodial term of imprisonment he seeks to challenge in this appeal, and he is not under an order of supervised release. Nor does Diaz-Alvayero assert on appeal any arguments that, if successful, would invalidate his underlying conviction. *Cf. United States v. Madrigal-Valadez*, 561 F.3d 370, 373-74 (4th Cir. 2009) (holding that appeal challenging sufficiency of the evidence underlying alien's convictions was not mooted by alien's release from prison, without a term of supervision, because alien "may be subject

2

to collateral consequences" related to his ability to receive permission to reenter the United States if his conviction remained intact). Accordingly, we dismiss Diaz-Alvayero's appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

*DISMISSED*